001952

# United States of America
# U.S. Department of the Interior
# Office of Inspector General

**SUBPOENA DUCES TECUM**

**TO:**   Kabbage, Inc.

Pursuant to the provisions of Section 6(a)(4) of the Inspector General Act of 1978, as amended (5 U.S.C.A. App. 3), you are hereby commanded to produce before Special Agent Rene Olivas, 590 Grove Street, #326, Herndon, VA 20172, rene_olivas@doioig.gov, and (571) 752-0955 on the _____ day of _____, 2021, at 3:00 o'clock p.m. of that day, the following information: See attachment as incorporated herein.  (Production of documents in person to Special Agent Rene Olivas or by registered mail via the U.S. Postal Service, or prepaid commercial delivery service at the above address will be considered satisfactory production.)



IN TESTIMONY WHEREOF, the Inspector General of the U.S. Department of the Interior has hereunto set his hand at Washington, DC, this **15th** day of **September 2021**.

_____
Inspector General

Note:  Failure to comply with this subpoena could result in a legal proceeding against you in which a court order compelling compliance will be sought.  See Privacy Act Notice on other side.

OI-025 (09/19)

# Attachment to Subpoena # 001952

## INSTRUCTIONS

1. Pursuant to the Inspector General Act of 1978, as amended (5 U.S.C. app. 3 § 6(a)(4)), this subpoena has been issued to acquire information necessary for an investigation being conducted by the Office of Inspector General (OIG) of the U.S. Department of the Interior. It is enforceable by order of the appropriate United States district court.

2. Failure to produce the specified materials at the time and place set forth in the subpoena will be construed as a failure to comply with the subpoena. The Government may then commence legal action against the subpoenaed party in which a court order will be sought compelling such compliance.

3. This subpoena requires the production of the information and/or items listed below under the "*INFORMATION AND ITEMS*" header.

4. Material required by the subpoena should be accompanied by an index identifying each document and the item or items of the subpoena to which it relates. If for any reason any of the required material is not furnished, list and indicate the location of such material and the reason for non-production. In addition, if any document called for is withheld because of a claim of attorney-client privilege, identify: (a) the attorney and client involved; (b) all persons or entities who were involved in the preparation of the document; (c) the date of the document; (d) the subject matter of the document; (e) all persons or entities who received the document; and (f) all persons or entities known to have furnished the document or informed of its substance.

5. For each request, you must produce the responsive information and items within your possession, custody, or control, including documents which you have the legal right, authority, or ability to obtain from another person or entity, to include affiliated companies, directors, employees, contractors, and others.

6. The requests below should be construed broadly to include all responsive information and items in any form and prepared by any person, entity, or process, so that all relevant material is provided in response to the requests.

7. Unless specifically instructed otherwise below or by the case agent, the requested information includes the final version of the requested document, all unique drafts of the requested documents, and all handwritten notes pertaining to those documents. Duplicates, including those documents produced in an electronic or digital format, should not be removed without express permission of the OIG.

OI-025A (10/19)

8.  Unless specifically instructed otherwise below or by the case agent, you must produce the entirety of any document or other item, including all attachments or enclosures that respond to any portion of the request below, even if only a portion of the full document or item is responsive to the request.

9.  You must produce the responsive documents in the order and in the file in which they are retrieved, without any rearranging. Documents that are stapled, clipped, or otherwise fastened together must be produced in that form.

10. In the event that any information or items requested do not exist, you must state so in your written response.

    A.  If any document requested has existed, but has been lost, or is no longer within your possession, custody, or control, you must identify and describe the document, its author, the recipient or addressee, and by whom the document is now possessed, held in custody, or controlled.

    B.  If any document has been destroyed, you must provide the identity of the person who authorized destruction and the identity of the last known custodian of such document.

11. Responsive information considered to be confidential should be labeled appropriately so that it can be readily identified. Confidential information will only be disclosed pursuant to applicable law, including the Trade Secrets Act, 18 U.S.C. § 1905, and the applicable provisions of the Department of the Interior's Freedom of Information Act regulations, 43 C.F.R. §§ 2.26-.36 and other provisions.

12. Hard-copy documents not being produced as originals should be produced in a searchable Portable Document Format (PDF) rather than photocopies.

    A.  Documents produced in a PDF format should be organized in a manner that reflects or otherwise indicates or describes the original grouping of the documents.

    B.  It should be readily apparent what documents were attached, filed, or otherwise grouped together before the conversion.

    C.  We reserve the right to review the original documents with advance notice during normal business hours.

13. Electronically stored information should be produced in its native file format in a useable storage device. In addition, you should:

OI-025A (10/19)

A. Identify the computer software used to create, manipulate, and/or operate all electronic data.

B. Provide instructions to access the files where appropriate.

C. Ensure that all electronic submissions are free of computer viruses and that all passwords protecting files or media are removed or provided with the media.

D. Produce emails from the database or folder, preferably as individual messages.

E. Produce Microsoft Outlook emails in either a .msg or .pst format; Lotus Notes emails in nsf format; and other emails in comparable formats.

F. Contact the case agent if electronic information is stored in a proprietary or uncommon format as a normal course of business to determine in what format electronic information should be produced.

G. Organize files in folders by component and custodian, where applicable. File structures should be preserved, captured, or otherwise noted or described.

H. Label all media with the name of your company and the source of the information.

I. Records are requested in digital form (i.e., PDF).

J. Financial transaction statements, where requested below, should be produced in an electronically searchable and sortable format compatible with Microsoft Excel or similar software (e.g., TXT, CSV).

14. The subpoena does not request records protected by the Stored Communications Act, 18 U.S.C. §§ 2701 – 2712. Contact the case agent named below if you believe this subpoena requests protected communications.

15. Number all responsive documents in the lower right corner of the page.

16. Questions related to the submission of responsive information and items should be directed to:
    Special Agent Rene Olivas
    Office of Inspector General
    Department of the Interior
    590 Grove Street #326, Herndon, Virginia 20172
    (571) 752-0955
    rene_olivas@doioig.gov

## DEFINITIONS

Unless otherwise provided for, the following terms shall have the meanings specified:

1. **"You" and "your"** refer to Kabbage, Inc.

2. **"Document" or "record"** means without limitation, any written, printed, typed, photographed, recorded, or otherwise reproduced or stored communication or representation, whether composed of letters, words, numbers, pictures, sounds, or symbols. "Document" or "record" also means any container, file folder, or other enclosure bearing any marking or identification in which other documents are kept but does not include file cabinets.

## REQUESTED INFORMATION AND ITEMS

For the period January 1, 2020, through and including the date of the subpoena, provide the following documents and records pertaining to all open and closed loans issued to Sonja Y. Scott, Admin Account Numbers 1278428 and 1089076).

1. Complete loan applications and supporting documents for all draws, including all supporting documents such as Internal Revenue Service (IRS) Schedule C forms, IRS-1099 forms, bank statements, signature cards, corporate resolutions, proof of employment, and other proof of income and expenses.
2. All loan account balance statements, including periodic statements, remittances, credits, and reversals.
3. Checks and cashier's checks, including the front and back sides.
4. Records on file pertaining to banks, account numbers, and routing numbers for the disbursement of loan proceeds through wire transfer or electronic funds transfer.
5. Loan promissory notes, terms, and conditions.
6. Documents pertaining to applications or requests for loan forgiveness.
7. Correspondence between Kabbage, Inc. or its representatives and Scott, including letters, notices, loan approvals, text messages, audio and visual recordings.